T.C. Summary Opinion 2010-163

UNITED STATES TAX COURT

WILLARD R. RANDALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13261-09S.                    Filed October 28, 2010.


<u>Alfred D. Mathewson</u>, Eric Ortiz (student), and Joseph
Gonzales (student), for petitioner.

<u>Jay A. Roberts</u>, for respondent.


HALPERN, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

this opinion shall not be treated as precedent for any other case.[1]

By notice of deficiency, respondent determined a deficiency of $12,540 and an accuracy-related penalty of $2,508 with respect to petitioner's 2007 Federal income tax. Taking into account respondent's concessions, the only issue for decision is whether petitioner is entitled to an alimony deduction of $69,000.

Background

Some facts are stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. We round all amounts to the nearest dollar. Petitioner bears the burden of proof. See Rule 142(a)(1).[2] At the time he filed the petition, petitioner lived in New Mexico.

Petitioner and his ex-wife divorced in 2007. In its final order, the divorce court found that petitioner was due a $69,000 property equalization payment from his ex-wife but awarded her a like amount as spousal support. The court immediately offset the amounts, ordering that spousal support be "considered paid in full by forgiveness of $69,000 equalization payment due to * * *

---

[1]Hereafter, unless otherwise stated, section references are to the Internal Revenue Code in effect for 2007, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. We conclude that sec. 7491(a) does not apply here because petitioner has not produced any evidence that he has satisfied the preconditions for its application.

[petitioner] by * * * [ex-wife]." On his 2007 Form 1040, U.S. Individual Income Tax Return, petitioner claimed a deduction of $69,000 for alimony paid. Respondent examined that return and disallowed the alimony deduction.

## Discussion

Introduction

Section 215(a) allows a taxpayer to deduct alimony paid during the taxable year. The term "alimony" is defined in section 71(b) as, in part, "any payment in cash", and the issue is whether, during 2007, petitioner made a $69,000 cash payment of alimony.[3]

Arguments

Respondent argues that petitioner is not entitled to an alimony deduction because, rather than remit a cash payment, "his obligation to pay this amount was offset against the $69,000 equalization payment". Respondent argues that waiver of the equalization payment is not an accepted section 71(b) cash equivalent because section 1.71-1T(b), Q&A-5, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984), the regulation interpreting section 71(b), limits the term's meaning to two specifically identified equivalents: checks and money orders

---

[3]There are four additional definitional requirements, none of which is in issue. See sec. 71(b)(1). The definition of alimony found in sec. 71(b) is made applicable for purposes of sec. 215(a) by sec. 215(b).

payable upon demand.  Respondent concludes that petitioner's failure either to make a cash payment or to use an identified cash equivalent precludes any alimony deduction.

Petitioner argues that the transaction's economic structure renders his forgiveness of the equalization payment a section 71(b) cash equivalent.  He argues that the regulation does not foreclose such treatment as it provides an inexhaustive list of accepted cash equivalents.  Petitioner asserts that if he and his ex-wife had adhered to the statute's literal language by exchanging written checks, he would be entitled to an alimony deduction despite being "in the same economic condition, less the transaction costs".  He concludes that since the payments' immediate offset did not alter his or his ex-wife's economic conditions, the economic "reality of the transaction" is that petitioner satisfied his alimony obligation with a section 71(b) cash equivalent.

Analysis

The facts before us demonstrate that petitioner satisfied his spousal support obligation with a cash payment.  Section 71(b) requires that alimony be a payment in cash but does not limit the term to bills and notes.  Rather, section 1.71-1T(b), Q&A-5, Temporary Income Tax Regs., supra, provides a nonexclusive list of accepted cash equivalents, stating that cash payments "including checks and money orders payable on demand" qualify as

alimony.  See sec. 7701(c) (stating that the terms "includes" and "including", when used in the Internal Revenue Code, "shall not be deemed to exclude other things otherwise within the meaning of the term defined").

A check is defined as "[a] written order to a bank to pay the amount specified from funds on deposit".  The American Heritage Dictionary of the English Language (4th ed. 2000).  Conceptually, petitioner's spousal support payment is an oral version of this accepted cash equivalent.  The divorce court denominated petitioner's and his ex-wife's mutual obligations in equal dollar amounts, and, with respect to her, the effect of its order offsetting those obligations was the same as if it had ordered her to pay herself $69,000 of his money on deposit with her in discharge of his obligation to her in that sum (and likewise with respect to him).  Thus, in addition to payee, petitioner's ex-wife assumed the role of bank, since she held petitioner's money, not having yet satisfied her equivalent obligation.  This view complies with the legislative history of section 71(b) because there is no threat of petitioner's deducting a disguised property transfer as alimony; the parties agreed at trial that the spousal support payment was not a property settlement.  See H. Rept. 98-432 (Part 2), at 1495 (1984).  To that extent, mere formalism need not prevail.

Further, this Court does not require taxpayers to follow literally all transactional steps when to do so would result in the "utilization of fruitless steps".  See, e.g., <u>Ruckriegel v. Commissioner</u>, T.C. Memo. 2006-78; <u>Gilday v. Commissioner</u>, T.C. Memo. 1982-242 n.8.  Although petitioner did not satisfy all the steps of section 71(b) by paying in a manner specifically mentioned in the regulation, he used a conceptually similar form of payment that did not alter the transaction's substance.  Cf. <u>Spencer v. Commissioner</u>, 110 T.C. 62, 82 (1998) (finding that defects in the transaction's form were not "merely 'fruitless steps'" (quoting <u>Gilday v. Commissioner</u>, <u>supra</u>)), affd. without published opinion 194 F.3d 1324 (11th Cir. 1999).  Requiring the parties to ask the divorce court to alter the instantaneous transaction in order to adhere to the statute's exact language in this case would have been meaningless and the "utilization of fruitless steps".[4]

<u>Decision will be entered for petitioner</u>.

---

[4]In <u>LaBozetta v. Commissioner</u>, T.C. Summary Opinion 2006-122, we disallowed an alimony deduction where the divorcing spouses had expressly waived alimony and the claimed alimony payment was made by way of offset against one spouse's monetary obligation to the other.  Because of the absence of an obligation to pay alimony, our analysis of the cash payment terms of sec. 71(b) appears to constitute dictum.  In any event, <u>LaBozetta</u> is not precedent.  See sec. 7463(b).